UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DION NEAL, | Case No. 09-12859 |
| Plaintiff, | Nancy G. Edmunds |
| vs. | United States District Judge |
| MICHAEL NOWACK, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |

**REPORT AND RECOMMENDATION**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 11)**

**I. PROCEDURAL HISTORY**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections and currently housed at the Carson City Correctional Facility, filed this prisoner civil rights action on July 20, 2009. (Dkt. 1). Plaintiff alleges that defendant, an Assistant Resident Unit Supervisor (ARUS) and the Transfer Coordinator at the Ryan Correctional Facility (RRF) in Detroit, where plaintiff was formerly housed, violated his rights under the United States Constitution. On September 25, 2009, this case was referred to the undersigned for all pretrial purposes by District Judge Nancy G. Edmunds. (Dkt. 7). Defendant Michael Nowak filed a motion for summary judgment on October 27, 2009. (Dkt. 11). Plaintiff filed a response on November 12, 2009. (Dkt. 13). This matter is now

ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

## II. FACTUAL BACKGROUND

Plaintiff alleges that defendant retaliated against him for filing an unidentified grievance against prison officials and a notice of intent regarding a lawsuit against prison healthcare officials, when he transferred plaintiff from RRF to the Carson City Correctional Facility (DRF), on October 1, 2007. (Dkt. 1). As a result of the transfer, plaintiff alleges that he was unable to complete an educational program called "Chance for Life"; that he lost his prison job; and that he was forced to pursue his medical litigation claim without the assistance of an attorney. *Id.* Plaintiff brings claims for First Amendment retaliation, a denial of his constitutional right to access the courts, and violations of the Equal Protection clause of the Fourteenth Amendment.

## III. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*,

398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden-the plaintiff on a claim for relief

or the defendant on an affirmative defense-his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986), quoting, W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561, quoting, 11 Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). Moreover, affidavits must meet certain requirements:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or

> certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed.R.Civ.P. 56(e)(1). In accordance with Rule 56(e), the Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969 (6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-226 (6th Cir. 1994). Thus, "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Id.*, quoting, *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

    B.    <u>First Amendment Retaliation and Access to Courts</u>

Plaintiff's claim is a combination of a First Amendment retaliation claim and an access to courts claim. Essentially, plaintiff claims that he was transferred to different correctional facility in retaliation for the medical malpractice suit he had

filed. He claims that the transfer violated his First Amendment right to file grievances and a lawsuit and impaired his ability to access the courts because he was moved too far away from his lawyer and could not maintain the medical malpractice action because of the distance.

A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). Retaliation based on a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To establish a First Amendment retaliation claim, the plaintiff must prove that: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that this adverse action was taken at least in part because of the exercise of the protected conduct. *Id*.

Prisoners also have a constitutional right of meaningful access to the courts to attack their sentences or challenge conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To state a claim under § 1983, the prisoner must allege that he was actually denied adequate access to the courts. *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985). To state a claim for denial of access to the courts, a prisoner must also demonstrate actual

prejudice to pending or contemplated litigation. *Lewis*, 518 U.S. at 351. Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Id.*; *Walker v. Mintzes*, 771 F.2d at 932.

A transfer to another prison at the same security level is not generally considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights. *Smith v. Yarrow*, 78 Fed.Appx. 529, 543 (6th Cir. 2003); *Mandela v. Campbell*, 1999 WL 357825, at *3 (6th Cir. 1999). However, where there are aggravating factors, the courts have been willing to find that a prison transfer would deter a person of ordinary firmness. *See Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). In *Siggers-El*, the aggravating factors accompanying the transfer included the loss of a high paying job needed to pay for the plaintiff's attorney (representing him in a direct appeal of his criminal conviction) and increased difficulties for the plaintiff's attorney in visiting with or representing the plaintiff because he was moved further away from her. *Id.* This limited exception applies "where there are foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts." *Hix*, 196 Fed.Appx. at 358, citing, *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). Where a prisoner alleges no such foreseeable consequences, the claim of retaliatory transfer must fail. *Id.*

However, a prisoner's right to access the courts extends *only* to "direct appeals [of their criminal convictions and sentences], habeas corpus applications, and civil rights claims." *Thaddeus-X*, 175 F.3d at 391, citing, *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The scope of a prisoner's constitutional right to access the courts does not included medical malpractice claims. *See Thomas v. Rochell*, 47 Fed.Appx. 315, 317 (6th Cir. 2002) ("A prisoner has no remedy under § 1983 to pursue tort claims against prison officials."), citing, *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990). Under *Lewis* and *Thaddeus-X*, any alleged prejudice suffered by a prisoner based on a medical malpractice lawsuit "will not support a claim that [the prisoner] was denied his constitutional right of access to the courts." *Thomas*, 47 Fed.Appx. at 317.

As a general rule, a prisoner has no constitutional right to a prison job or a particular prison program. *Tate v. Howes*, 2009 WL 1346621, *5 (W.D. Mich. 2009), citing, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (participation in a rehabilitative program is a privilege that the

8

Report and Recommendation
Motion for Summary Judgment
*Neal v. Nowack*; Case No. 09-12859

Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, 1998 WL 69810, *2 (6th Cir. 1998) (no constitutional right to educational classes); *Tribell v. Mills*, 1994 WL 236499, *1 (6th Cir. 1994) ("[N]o constitutional right to vocational or educational programs"). In addition, the basis for the finding in *Siggers-El* that the loss of a job could constitute sufficiently adverse action was inextricably tied to the denial of access to courts claim. That is, in *Siggers-El*, the loss of a high-paying job directly affected the prisoner's ability to pay his lawyer for assisting him with the appeal of his criminal conviction, one of the three categories of litigation protected under *Thaddeus-X*. Here, even if plaintiff's loss of his prison job because of the transfer impaired his ability to pursue his medical malpractice claim, such an adverse consequence does not implicate his constitutional right of access to the courts.

In addition, plaintiff has failed to establish any genuine issue of material fact regarding causation. Conclusory allegations are insufficient to show that a defendant was motivated by the exercise of a plaintiff's First Amendment rights. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Bare allegations by the plaintiff of malice on the part of a defendant are not enough to establish retaliation claims. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Moreover, "temporal nexus" is a factor in determining a causal connection in a First Amendment retaliation claim.

*Mulazim v. Corrigan*, 7 Fed.Appx. 427 (6th Cir. 2001). The plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Under the causation element of a prisoner's *prima facie* case for retaliation, the subjective motivation of the decision-maker is at issue and the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity. *Thaddeus-X*, 175 F.3d at 399. Once the plaintiff has met this burden, if the defendant can show that the same action would have been taken in the absence of protected activity, the defendant is entitled to prevail on summary judgment. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Notably, the causation element cannot be satisfied where the defendant is not the decision-maker. *See Smith*, 250 F.3d at 1038 (holding that one of the defendants' comments did not demonstrate a causal connection between plaintiff's filing of grievances and the decision to transfer plaintiff because it was uncontroverted that the defendant making the comment was not the decision-maker in the case); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999) (holding that despite prisoner's allegation that prison employees instigated the loss of his commissary position, the prison employees cannot be liable on plaintiff's retaliation claim because they were not involved in the decision to terminate the

plaintiff); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (holding that statements by nondecision-makers cannot suffice to satisfy the plaintiff's burden of demonstrating animus). Here, defendant Nowak attests that plaintiff's transfer was initial by the Security Classification Committee at RRF to make room for an incoming prisoner who was to be picked up by the U.S. Immigration Service. (Dkt. 11-3, p. 3). After the transfer was initiated, defendant Nowak processed the necessary paperwork. *Id.* He then contacted the Correctional Facilities Administration and received approval for plaintiff's transfer to Carson City. Defendant Nowak obtained the Deputy Warden's signature on the transfer order and attests that he cannot transfer an inmate without the approval of CFA and the warden or deputy warden. *Id.* In his response, plaintiff does not offer any evidence to rebut the evidence presented by Nowak that he was not the decision-maker for plaintiff's transfer. Plaintiff has failed to establish any genuine issue of material fact as to the causation element of plaintiff's First Amendment retaliation claim.

Based on the foregoing, plaintiff's for First Amendment retaliation and denial of access to the courts arising from his medical malpractice lawsuit and his transfer to another correctional facility must fail and defendant's motion for summary judgment should be granted.

C. <u>Equal Protection</u>

The Equal Protection Clause of the Fourteenth Amendment states that no state may "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1; *see Michael v. Ghee*, 498 F.3d 372 (6th Cir. 2007). Legislation is generally presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981). But when a law adversely affects a "suspect class," such as one defined by race, alienage, or national origin, or invades a "fundamental right," such as speech or religious freedom, the law will be sustained only if it is "suitably tailored to serve a compelling state interest." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985). Here, the "rational-basis" test applies. Inmates are not a suspect class. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1 997). Nor does plaintiff's claim involve the denial of a fundamental right, because a prisoner does not have a constitutional right to be placed in a particular facility, participate in a particular program, or have a particular job. *See Tates*, *supra*.

To avoid summary judgment, plaintiff must present evidence demonstrating "'intentional and arbitrary discrimination' by the state; that is, he must demonstrate that he "[was] intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Green v. Tudor*, 685

F.Supp.2d 678, 693 (W.D. Mich. 2010), quoting, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "[T]o prevail under the Equal Protection Clause, [a defendant] must prove that the *decisionmakers* in his case acted with discriminatory purpose." *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987) (emphasis added). Discriminatory purpose "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." *Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). As set forth above, defendant Nowak proffered admissible evidence that he was not the decision-maker regarding plaintiff's transfer to another facility. Plaintiff has offered no evidence in rebuttal.

Based on the foregoing, plaintiff's Equal Protection claims arising from his transfer to another correctional facility must fail and defendant's motion for summary judgment should be granted.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 9, 2010                                s/Michael Hluchaniuk
                                                  Michael Hluchaniuk
                                                  United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

      I certify that on July 9, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Allan J. Soros</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Dion Neal, ID# 197239, CARSON CITY CORRECTIONAL FACILITY, 10522 Boyer Road, Carson City, MI 48811</u>.

                                                          s/Darlene Chubb
                                                          Judicial Assistant
                                                          (810) 341-7850
                                                          darlene_chubb@mied.uscourts.gov